Totten, J.,
delivered the opinion of the court.
vThis case is a contested election for the office of constable.
In March, 1854, at an election for constable, in civil district No. 9, Henderson county, Weaver received 49 votes, and Dodd 47, as appears by the sheriff’s return.
The election was contested in the county court, and at the trial, it was considered and adjudged that Weav *671 er had received three, illegal votes, and that Dodd had received a majority of the legal votes polled, and was duly elected. The said Dodd was thereon inducted into said office, by entering into bond and taking the oath before said court.
To this the said Weaver objected, and prayed an appeal to the circuit court, which was refused. He then caused the case to be taken to the circuit court by cer-tiorari and supersedeas. The writs were duly granted.-
A motion was made in the circuit court to dismiss the petition, and was overruled. This cause was thereon tried de novo in the circuit court, and it being considered that said Weaver was duly elected to said office, the judgment of the county court was reversed and a procedendo awarded to the county court to admit and induct the said Weaver into said office.
Thereon the said Dodd appealed in error.
1. It is argued that the judgment of the county court was final and conclusive on the parties.
Jurisdiction to try contested elections for justices of the peace and constables, is conferred on the county court by the act of 1852, ch. 54. And it is made the duty of the court to hear proof and decide the case upon evidence. The return of the sheriff is not conclusive, but merely prima facie evidence of the right to the office; and the function of the county court is not ministerial but judicial, as it relates to a matter in litigation. 3 Kent Com., 365. Midhurst vs. Waite, Burr. R., 1259. As to the nature of the subject in contest, the office is an incorporeal right, and it consists in the right to execute a public trust and to take the emoluments belonging to it. 3 Kent Com., 362.
*672 How, if the county court erroneously decided against the person entitled to the office, it is an injury to private(,right, for which there ought to be a remedy. The remedy is to be found in the circuit court. That court possesses a general revisory jurisdiction over all inferior courts, which it exercises by writ of error, by appeal, by c&rtiora/ri or other remedial agency as may be proper in the case. The court cannot be closed; but must be open to the injured party, who is entitled to “ remedy by due course of law.” Const., Art. 1, sec. 17.
If there be no appeal, then the certiorari, which is a constitutional writ, is a proper remedy, by which any injurious irregularity in the proceeding may be corrected, or a trial de novo had. Bob, a slave, vs. The State, 2 Yerg., 176, 180. Fields vs. The State, M. & Yerg. Rep., 168, 176. Thus in Bob vs. The State, Haywood, J., says: “ The maxim of the law is, that there is no wrong without a remedy; and it is a particular rule that a- certiorari will lie to all inferior ju risdictions (the proceedings of which cannot be corrected by writ of error) to remove their proceedings into the superior court, to be there affirmed or quashed, or otherwise corrected, as law and justice shall require.”
It lies to all courts not proceeding according to the course of the common law, and where without the writ of certiorari, there would be no remedy against an illegal sentence. 1 Burr, 158. 2 Burr, 682. 3 Burr, 1163.
In Fields vs. The State, M. & Yerg., 168, the county court removed, or more accurately, suspended a constable in his office pending a prosecution against *673 Mm for extortion. From this judgment he prayed an appeal, which the court refused to grant. The case was then removed to the circuit court by certiorari, and the jurisdiction sustained. Catron, J., in delivering the opinion, says: “If the defendant is dissatisfied, he may appeal and have the matter re-tried in the circuit court; or he may file his bill of exceptions, and set forth the evidence upon which the judgment was given upon the record, and then take a writ of error. 1 Phill. Ev., 233. Bui. Nisi Prius, 516.”
Wq conclude that the judgment of the county court is not final and conclusive, but that it is subject to revision or to a trial de novo in the circuit court.
2. The act of 18M, ch. 99, provides, that if any person consider himself aggrieved uiy any decree or decision” of the county court, he may “appeal” from “ its decision or judgment ” to the circuit court. The terms of the statute are general, and they include, as we think, the present case. The court, then, erred in its refusal to grant the appeal, and for that reason, and because it is an original, independent remedy, as before stated, the certiorari was a proper writ in the case.
Let the judgment be affirmed..